IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


PRESTON KYLE COCKRELL,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　No. CV 14cv456 JB/SCY

FNU MORRIS *et al.*,

    Defendants.

## REPORT AND RECOMMENDATIONS

    THIS MATTER is before me on Defendants' motions to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). *Docs. 15 & 17*. Defendants argue that (1) Plaintiff's claims are barred by the statute of limitations, (2) Plaintiff is precluded from asserting claims against Defendants under the doctrine of res judicata, and (3) Plaintiff's claims are insufficient as a matter of law. Having reviewed the motions, the accompanying briefing (*docs. 27, 30, 31, 35*), and the relevant law, I recommend that the Court **GRANT** Defendants' Motions.

**I.　BACKGROUND**

    On June 18, 2012, Plaintiff Preston Kyle Cockerell filed a complaint with this Court alleging that Defendants were liable for injuries he sustained as a result of being fogged with pepper spray on October 28, 2009 while in the Guadalupe County Correctional Facility. *See Doc. 1* (filed in 12-cv-658). On September 9, 2013, the Honorable Robert C. Brack entered summary judgment on the merits in Defendants' favor and dismissed Plaintiff's complaint. *Docs. 52-53* (filed in 12-cv-658). Plaintiff subsequently filed this lawsuit on May 15, 2014. *See Doc. 1* (filed in 14-cv-456). In this iteration of the dispute, Plaintiff seeks damages for "severe mental health

1

issues . . . due to an incident that occurred on 10-28-2009" when defendants used a pepper fogger against him. *Id.* at 3.

## II.     STATUTE OF LIMITATIONS

In his complaint, Plaintiff acknowledges that his claims are barred by the applicable statute of limitations. *See Doc. 1* at 4 ("[T]he time limits regarding the filing of a U.S.C. 1983 civil rights action has passed a 3 year limit."). This is true; "for § 1983 claims arising in New Mexico the limitations period is three years." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). Here, Plaintiff's claim expired on October 28, 2012, three years after the injury-causing incident occurred. Nonetheless, Plaintiff "plead[s] with the court to construe the time limits as to the date he suffers for this abusive action." *Doc. 1* at 4; *see also Doc. 27* at 3 (asserting that Plaintiff's alleged mental health injuries "were not apparent at the time of the filing of the first complaint"). The Court reads this liberally as a request to delay accrual of the claims under the "discovery rule."

According to the "discovery rule," a plaintiff's § 1983 personal injury claim does not accrue until the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell*, 756 F.3d 1208, 1216 (10th Cir. 2014). However, it is well-established that plaintiff's failure to appreciate the extent of the injury is not relevant to this analysis. *Id.* (plaintiff's failure to realize the extent of her psychological injury did not extend the statute of limitations); *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (a "cause of action accrues even though the full extent of the injury is not then known or predictable."). Instead, the statute of limitations for a personal injury claim commences as soon as the plaintiff "has been apprised of the general nature of the injury." *Harvey v. United States*, 685 F.3d 939, 949 (10th Cir. 2012). "Lack of knowledge of the injury's permanence, extent, and ramifications does not toll the statute" of limitations. *Id.*

Here, because of the nature of his physical injuries, Plaintiff knew or should have known of his cause of action at the time the incident occurred. Thus, there is no basis for delaying the statute of limitations. For this reason, I will not address Defendant's alternative arguments. Instead, I recommend that the Court dismiss Plaintiff's claims as time-barred.

### III. DEFENDANTS SANDRA HOPKINS AND ROSE KEATON'S MOTION TO FILE A SURREPLY

After Defendants' motions to dismiss were fully briefed, Plaintiff filed a second response opposing dismissal of his claims. *Doc. 35*. Defendants Sandra Hopkins and Rose Keaton then filed a motion for an extension of time to respond to this document. *Doc. 41*. In light of my recommendation that Plaintiff's claims be dismissed, I recommend that the Court deny this motion as moot.

### IV. CONCLUSION

I recommend that the Court: (1) grant Defendants' motions to dismiss (*docs. 15 & 17*) and (2) deny Defendants Sandra Hopkins and Rose Keaton's motion for an extension (*doc. 41*) as moot.

   /s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**